# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 852 | **DATE** | 2/19/2003 |
| **CASE TITLE** | Ujjaval Bipichandra Dave vs. Immigration & Naturalization etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for a stay is denied and the petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 20 2003 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UJJAVAL BIPICHANDRA DAVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 852 |
| | ) | |
| IMMIGRATION & NATURALIZATION SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ujjaval Bipichandra Dave filed a petition for a writ of habeas corpus seeking his release from custody of the Immigration & Naturalization Service (INS) and an emergency motion for a stay of his removal from the United States against the INS and other defendants. Because section 242(g) of the Immigration and Nationality Act, 8 U.S.C. § 1252(g), deprives us of subject matter jurisdiction, plaintiff's motion for a stay is denied and the petition for a writ of habeas corpus is dismissed.

Plaintiff alleges that he was taken into custody by the Deportation Branch of the INS and is now being held in preparation for his deportation to India. The INS has informed plaintiff's counsel that it intends to deport him soon. Plaintiff appealed the decision of the INS to the Seventh Circuit Court of Appeals, where his appeal is still pending. On January 31, 2003, the Seventh Circuit denied plaintiff's motion to stay the removal without opinion. The Board of Immigration Appeals also denied plaintiff's motion to reconsider and has not yet informed plaintiff of a decision on his motion for a stay of removal pending appeal.

Section 242(g) of the Immigration and Nationality Act reads:

> Except as provided in this section and notwithstanding any other provision of
> law, no court shall have jurisdiction to hear any cause or claim by or on behalf
> of any alien arising from the decision or action by the Attorney General to

> commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This section effectively precludes district courts from reviewing any decision of the Attorney General to commence removal proceedings. Chapinski v. Ziglar, 278 F.3d 718, 720 (7th Cir. 2002).

Plaintiff frames this suit as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Supreme Court has held that § 242(g) does not foreclose all use by aliens of the general habeas corpus statute. I.N.S. v. St. Cyr, 533 U.S. 289 (2001). This decision does not however disturb the holding of Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999) in which the Court determined that § 242(g) blocks district court review of particular administrative decisions. Sharif ex rel. Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002). The Seventh Circuit has determined that review by a district court of the three categories of actions mentioned in § 242(g) – decisions to commence proceedings, adjudicate cases, or execute removal orders – is blocked even when framed as a petition for writ of habeas corpus. *Id.*; Chapinski, 278 F.3d at 720; Bhatt v. Reno, 204 F.3d 744, 746 (7th Cir. 1999).

The relief plaintiff seeks here is nothing more than a review of the removal order executed by the INS. Review of this administrative decision is limited by statute and we cannot use the habeas corpus statute to allow petitioner to get around this jurisdictional bar.

For the foregoing reasons, plaintiff's motion for a stay is denied and the petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction.

James B. Moran

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 20, 2003.

